IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

---

JOHN LOCK                         :
    Petitioner
                                  :

    v.                            :    Civil Action NO. 04-40013-JLT

                                  :
WARDEN DAVID WINN
    Respondent                    :

---

### MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28, U.S.C. §2241

Respondent David L. Winn, Warden of Federal Medical Center, Devens, by and through MICHAEL J. SULLIVAN, United States Attorney, District of Massachusetts, and ALLISON D. BURROUGHS, Assistant United States Attorney, hereby moves to dismiss Petitioner's Writ of Habeas corpus Under Title 28, U.S.C., §2241 and in support thereof avers as follows:

    A.    <u>Relevant Procedural and Factual History</u>

Many of the following facts are drawn from Lock's petition. Petitioner was convicted in the Northern District of Indiana on February 3, 1997, having pled guilty to one count of transporting a minor with intent to engage in sexual criminal

1

activity in violation of 18 U.S.C. § 2423 and one count of sexual exploitation of a child in violation of 18 U.S.C. 2251. He was sentenced to 30 years incarceration on February 23, 1998. Thereafter, on March 15, 1999 he filed a motion pursuant to 28 U.S.C. § 2255 in the Northern District of Indiana. In this first petition, the following issues were raised: ineffective assistance of counsel, violation of plea agreement by government, plea agreement not voluntary, knowing or intelligent and actual innocence (see p. 2 of petition). Despite the fact that his motion appeared to be filed untimely, the court, for various reasons, decided to treat the motion as timely filed. On December 2, 1999 the court, ruling on the merits, dismissed Lock's 2255 petition with prejudice.

On January 20, 2004, more than 4 years after the denial of his initial petition, Petitioner filed the instant 2241 petition. On February 2, 2004, the Court ordered that the government be served with a copy of Petitioner's motion and then respond. Petitioner currently appears to be incarcerated in the district of Massachusetts.

B.   Argument

Petitioner's petition for relief pursuant to 28 U.S.C. §2241 should be dismissed because this Court lacks jurisdiction to entertain a collateral attack on petitioner's conviction or

sentence pursuant to 28 U.S.C. § 2241 or any other statute. Habeas corpus relief as provided by 28 U.S.C. §2241 is available for a federal prisoner only where he is challenging the execution of his sentence as contrasted with the imposition of the sentence or the substance underlying the imposition. Courts have repeatedly held that federal prisoners may use 28 U.S.C. § 2241 "to attack [only] the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); accord Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (domain of 28 U.S.C. § 2241 is motions "concerning the execution but not the validity of the conviction and sentence -- for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release").

A federal prisoner who seeks to attack the validity of his sentence or conviction must rely on 28 U.S.C. § 2255 and must file the motion in the court of conviction. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (petition pursuant to 28 U.S.C. § 2255 is proper way to attack the "imposition or illegality of the sentence"); accord Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)"), cert. denied, 452 U.S. 920 (1981); Bradshaw

v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in 28 U.S.C. § 2255.") (internal quotation marks omitted; citation omitted). Except in rare circumstances not applicable here (as explained below), a 2241 petition that states a section 2255 claim must be dismissed. See Barrett, 178 F.3d at 38; Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing section 2241 petition that stated claim under section 2255). See also Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D.Mass. 2001); Gonzalez v. United States, 150 F. Supp.2d 236, 241 (D.Mass. 2001).

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be denied because it is an attack upon the validity of petitioner's conviction. Lock raises in his petition issues such as ineffective assistance of counsel, a defective indictment, Brady violations and a number of other claims, all related to the validity of the underlying conviction. The relief he seeks is not a modification of the manner in which his sentence is being executed but rather a vacatur of his conviction. The only avenue available for petitioner to assert such claims and seek such relief is a section 2255 motion filed in the court of conviction.

Of course, a section 2241 petition *may* be filed in lieu of a section 2255 motion in the rare case where it appears that a

4

section 2255 motion "is inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255, but that is not the case here. Numerous court decisions have made it clear, however, that a defendant's failure to obtain relief under section 2255 does not render that remedy either "inadequate" or "ineffective" within the statute's meaning. See, e.g., Barrett, 178 F.3d at 50-53 & n.13; Triestman v. United States, 124 F.3d 361, 376-377 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); United States v. Pregent, 190 F.3d 279, 284 n.6 (4th Cir. 1999); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); In re Davenport, 147 F.3d 605, 608-609 (7th Cir. 1998); Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999) (per curiam), cert. denied, 528 U.S. 1178 (2000); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999). As the Sixth Circuit has explained,

> The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

Charles, 180 F.3d at 756 (citations omitted). Petitioner has not met that burden here.

Thus, the issues raised in this petition could only be raised in a §2255 motion. As Petitioner has already filed and the court of conviction has already ruled on his first § 2255 petition, this, however characterized by the Petitioner, is in actuality, a second or successive petition. Section 2255 provides that a second or successive section 2255 motion must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence that proves the movant's innocence or "a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Clearly, Petitioner has obtained no such certification nor does he even allege any newly discovered evidence or new rule of constitutional law. Even if he had asserted such a claim, jurisdiction would lie in the district where sentence was imposed and not in the district of incarceration. 28 U.S.C. §2255. This Court should not permit Lock to evade the requirements of section 2255 by styling his second or successive section 2255 motion as a petition for habeas corpus pursuant to 28 U.S.C. § 2241. A prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241." Barrett, 178 F.3d at 38. Accordingly, Lock's petition should be dismissed.

C.  <u>Conclusion</u>

Wherefore, because this Court lacks jurisdiction to entertain an attack on petitioner's conviction or sentence, the government respectfully requests that Petitioner's Petition for Writ of Habeas Corpus Under Title 28, U.S.C. §2241 be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
Assistant U.S. Attorney

Date: 3/3/04

CERTIFICATE OF SERVICE

I, Allison Burroughs, Assistant U.S. Attorney, hereby certify that I have caused the foregoing to be mailed, postage prepaid, to John Lock (#04980-027), FMC Devens, P.O. Box 879, Ayer, MA 01432 on this 3rd day of March, 2004.

/s/ Allison Burroughs
ALLISON BURROUGHS
Assistant U.S. Attorney